**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-6410**

---

ANDRE GERARD LEWIS, SR.,

Plaintiff - Appellant,

versus

RONALD J. ANGELONE, CAPTAIN LEONARD,

Defendants - Appellees.

---

**No. 03-6720**

---

ANDRE GERARD LEWIS,

Plaintiff - Appellant,

versus

RONALD J. ANGELONE; CAPTAIN LEONARD,

Defendants - Appellees.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CA-03-207-R; CA-03-207-3)

---

Submitted:  December 13, 2004          Decided:  January 6, 2005

---

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Andre Gerard Lewis, Sr., Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Andre Gerard Lewis, a Virginia prisoner, appeals district court orders denying his motion to proceed in forma pauperis under the PLRA and dismissing his case without prejudice for failing to pay the filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner who has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed without prepayment of fees unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (2000). The district court, in rejecting Lewis' motion to proceed under the PLRA, determined Lewis previously had at least three actions or appeals dismissed as frivolous or for failing to state a claim. Two of the actions relied upon by the district court were civil rights complaints that were in fact dismissed by the district court for failure to state a claim. See Lewis v. Angelone, No. CV-02-317 (E.D. Va. Nov. 5, 2002); Lewis v. Angelone, No. CV-00-161 (E.D. Va. May 16, 2001). However, the other two actions the district court cited were not qualifying dismissals. See In re Lewis, 2002 WL 31430531 (4th Cir. Oct. 31, 2002) (No. 02-7275) (unpublished); In re Lewis, 2002 WL 214558 (4th Cir. Feb. 12, 2002) (No. 01-7795) (unpublished).

However, because Lewis is proceeding without prepayment of fees, this Court shall dismiss the appeal if the action fails to

- 3 -

state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii) (2000).  It plainly appears from the face of the complaint that it is barred by the applicable statute of limitations.

Accordingly, while we grant Lewis' motion to proceed on appeal in forma pauperis, we dismiss the appeals for failing to state a claim.[*]  We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[*]We note because Lewis initiated these appeals while he was incarcerated and they are dismissed for failing to state a claim upon which relief may be granted, the appeals count as "strikes" three and four with respect to § 1915(g).  Accordingly, should Lewis find himself incarcerated again and file a civil lawsuit in federal court, he will be subject to the filing fee limitations imposed by § 1915(g).